THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN GOTSIS,

       Plaintiff,                        Civil Action No.
                                         12-CV-10075

vs.

                                         HON. MARK A. GOLDSMITH

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER (1) ACCEPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION, (3) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, (4) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, and (5) REMANDING FOR FURTHER CONSIDERATION**

                                                 I.      INTRODUCTION

This is a social security case. Plaintiff John Gotsis appeals from the final determination of the Commissioner of Social Security denying his application for disability benefits under the Social Security Act, 42 U.S.C. § 1381(a), et seq. The Court entered an order referring the case to Magistrate Judge Charles E. Binder (Dkt. 3). The parties have filed cross motions for summary judgment (Dkts. 14, 16). Magistrate Judge Binder issued a Report and Recommendation (R&R) recommending that the decision of Administrative Law Judge (ALJ) Gary J. Lee be affirmed, and that the Commissioner's motion be granted and that Plaintiff's motion be denied. (Dkt. 19.) Plaintiff has filed objections to the R&R (Dkt. 20), and the Commissioner filed a response (Dkt.

1

21).[1]  For the reasons that follow, the Court will accept in part and reject in part the R&R, sustain in part and overrule in part Plaintiff's objections to the R&R, grant in part and deny in part Plaintiff's motion for summary judgment, deny Defendant's motion for summary judgment, and remand the matter for further consideration pursuant to 42 U.S.C. § 405(g), sentence four.

## II.    BACKGROUND AND PROCEDURAL POSTURE

### A.  Factual Background

For more than 30 years, Plaintiff experienced a rash on his trunk and extremities, which was diagnosed, decades ago, as parapsoriasis.  Tr. at 166.  In March 2008, the rash was biopsied, and Plaintiff was diagnosed with cutaneous T-cell lymphoma (CTCL).  Tr. at 152.  Between March 2008 and November 2008, Plaintiff did not use any treatment, and his symptoms progressed to "numerous ulcerations and erosions as well as erythema, scaling, and fissures involving a majority of his body surface area."  Tr. at 152.  In November 2008, Plaintiff began topical treatment and UVB phototherapy treatments, with an improvement in his symptoms.  Tr. at 152.

Plaintiff worked in the restaurant business, with his most recent position being a restaurant manager for a Little Caesars restaurant.  Tr. at 114, 128, 129.  Plaintiff is currently unemployed, and Plaintiff told one of his physicians, Dr. Thomas Anderson, that Plaintiff was fired from his last job after his employer learned he would be missing "a significant amount of work to attend phototherapy treatments."  Tr. at 191.  Plaintiff also stated that he is unable to return to his old work because of his rash and fatigue.  Tr. at 37.

---

[1] Defendant contends that Plaintiff's objections were untimely, because they were filed more than 14 days after the issuance of the R&R. Resp. at 1 n.1 (Dkt. 21). The objections were filed 16 days after the R&R was issued. Federal Rule of Civil Procedure 6(d) provides that when a party must act within a specified time, three additional days to act are afforded to the party after the time period would otherwise expire. Therefore, Plaintiff's objections are not untimely.

On February 6, 2009, Plaintiff filed a claim for Supplemental Security Income benefits and Disability Insurance benefits. Tr. at 82-87. Plaintiff was determined not disabled during the initial stage of the administrative process. Tr. at 44-51. Plaintiff requested a hearing on this decision before an ALJ, Tr. at 52, and the hearing took place on March 30, 2010 before ALJ Gary J. Lee. Tr. at 31-41. At the hearing, the ALJ only heard testimony from Plaintiff. Tr. at 33. There was no testimony from a vocational expert.

### B. The ALJ's Decision

On August 19, 2010, the ALJ issued his decision that Plaintiff was not disabled from February 1, 2009, through the date of the decision. Tr. at 13. Plaintiff requested a review of this decision, Tr. at 7, and the Appeals Council denied this request. Tr. at 1. At that point, therefore, the ALJ's decision became the final decision of the Commissioner. Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 543-544 (6th Cir. 2004).

The ALJ based his decision on an application of the Commissioner's five-step sequential disability analysis to Plaintiff's claim.[2] The ALJ's findings were as follows:

- Under Step One, Plaintiff met the insured status requirements through December 31, 2012, and Plaintiff had not engaged in any substantial gainful activity since February 1, 2009. Tr. at 15.

- Under Step Two, Plaintiff had the following severe impairments: non-Hodgkin cutaneous T-cell lymphoma mycosis fungoides and depression secondary to general medical condition. Tr. at 15.

- Under Step Three, Plaintiff did not have any impairment of combination of impairments that met or equaled one of the listed impairments. Tr. at 16.

- Plaintiff had the following residual functional capacity (RFC):

    to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) except limited to occasional reading, occasional unprotected heights,

---

[2] The R&R adequately lays out the law and regulations governing the five-step analysis. R&R at 5-6 (Dkt. 19), citing 20 C.F.R. §§ 404.1520, 416.920.

3

> occasional driving a car, occasional humidity and wetness, occasional dust, odors, fumes and pulmonary irritants, extreme cold and heat, and vibrations; and limited to moderate levels of noise.

Tr. at 17.

- Under Step Four, Plaintiff was capable of performing past relevant work as a restaurant manager, because the work did not require performing activities precluded by Plaintiff's RFC. Tr. at 20.

Therefore, at Step Four, the ALJ determined that Plaintiff was not disabled. Tr. at 21.

Plaintiff filed a complaint in this Court to contest the ALJ's decision. (Dkt. 1.) Magistrate Judge Binder issued an R&R recommending that the ALJ's decision be affirmed. (Dkt. 19.)

### C. Clarification of the Record

The R&R states, "I suggest that the hypothetical posed to the VE properly incorporated the limitations found in the RFC assessment and was in harmony with the objective record medical evidence . . . .". R&R at 12 (Dkt. 19). In his objections, Plaintiff argues that this statement is inaccurate because there was no vocational expert testimony. Obj. at 3 (Dkt. 20). Defendant agrees that the R&R made a misstatement of fact in referring to any testimony by the VE. Resp. at 4 (Dkt. 21). The Court concludes that, as the parties contend, there was no VE testimony at the hearing, and therefore the R&R's reference to a hypothetical posed to the VE was erroneous.

### III.   STANDARD OF REVIEW

The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under 42 U.S.C. § 405(g), this Court's review is limited to determining whether the Commissioner's decision "is supported by substantial evidence and was made pursuant to proper legal standards." Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (citation and quotation marks omitted). "Substantial

4

evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

## IV. ANALYSIS

Plaintiff raises the following objections to the R&R: (i) the ALJ was incorrect in concluding that Plaintiff could meet the lifting requirements of light work, obj. at 1-2 (Dkt. 20); (ii) the ALJ impermissibly disregarded the frequency and duration of Plaintiff's required treatments, id. at 2-3; and (iii) there is no evidence to support the ALJ's conclusion that a person with the RFC he found could work as a restaurant manager. Id. at 3-4.

### A. Objection One: Incorrect Determination of Lifting Capability in RFC

Plaintiff argues that all the record evidence indicates that he is incapable of meeting the lifting requirements of light work, which includes lifting up to 10 pounds frequently. Obj. at 1-2 (Dkt. 20). He contends that Dr. Anderson's omission of any exertional limitations in his medical reports is not substantial evidence to support the ALJ's conclusion that Plaintiff can perform the lifting requirements of light work. Id. at 2. Defendant responds that it was not unreasonable for the ALJ to conclude Plaintiff could meet the lifting requirements of light work, because much of the medical evidence and self-reported evidence in the record shows Plaintiff is capable of lifting up to 10 pounds frequently. Resp. at 1-2 (Dkt. 21).

The ALJ found that Plaintiff could perform light work with some additional restrictions, but with no additional restrictions on lifting. Tr. at 17. "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). The R&R concludes that substantial evidence supports the ALJ's findings of Plaintiff's exertional limitations and overall RFC. R&R at 11 (Dkt. 19). The Court

5

agrees with the R&R to the extent it was discussing Plaintiff's lifting abilities. The Court concludes that substantial evidence, in both the medical reports and Plaintiff's self-reporting, supports the ALJ's finding that Plaintiff is capable of meeting the lifting requirements of light work.

Dr. Sibin Zacharias, Plaintiff's treating internist, reported that Plaintiff is capable of lifting less than 10 pounds frequently and 10-20 pounds occasionally. Tr. at 198. Dr. Zacharias further noted that Plaintiff has limited strength and has difficulty lifting more than 20 pounds. Tr. at 199. Dr. Cynthia Shelby-Lane, who performed a consultative examination on Plaintiff, reported that Plaintiff can lift and carry up to 10 pounds occasionally and 11 to 20 pounds occasionally. Tr. at 226. Dr. Thomas Anderson, Plaintiff's treating dermatologist, filled out a chart for Plaintiff that listed only "Avoid injuries to skin" under the "Physical Limitations" section. Tr. at 189.

The Court notes that Dr. Anderson's omission of any lifting limitations does not necessarily represent a conclusion that Plaintiff had no limitations of his ability to lift or carry; just because Dr. Anderson did not fill out that section of the chart, it does not automatically follow that Dr. Anderson concluded Plaintiff could lift any amount listed on the chart, including 50 or more pounds frequently. The Court also notes that the medical reports of Dr. Shelby-Lane and Dr. Zacharias are somewhat inconsistent. However, the Court concludes that Dr. Zacharias's assessment of Plaintiff's lifting capacity, in combination with Plaintiff's self-reporting (discussed below), provides substantial evidence for the ALJ's finding that Plaintiff could meet the lifting requirements of light work. See Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) ("An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.") (citations omitted).

In the function report that Plaintiff filled out, he checked boxes for activities that his conditions affected, and he did not check the box for "lifting." Tr. at 125. Furthermore, Plaintiff's self-reported daily activities include running to stores, doing laundry, keeping up his apartment; he indicated he has no problem with personal care; he prepares his own meals daily; he goes outside every day; and he spends about one hour each day shopping. Tr. at 120-124. Plaintiff's ability to do these activities on a daily basis indicates that he is capable of lifting up to 10 pounds frequently. See Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 391 (6th Cir. 2004) ("[T]hat Warner could lift regularly up to ten pounds is consistent with Warner's own testimony regarding his ability to perform household activities.").

The Court concludes that the medical opinion of Dr. Zacharias and Plaintiff's self-reported daily activities provide substantial evidence to support the ALJ's finding that Plaintiff can lift up to 10 pounds frequently and 20 pounds occasionally. Accordingly, the Court overrules Plaintiff's first objection.

### B. Objection Two: Impermissible Disregard of the Frequency and Duration of Plaintiff's Required Treatment

Plaintiff argues that the ALJ failed to consider Plaintiff's limitation of required phototherapy treatment sessions in making the RFC determination. Obj. at 2. Plaintiff contends that he presented evidence regarding the frequency and duration of such treatment, and that the R&R erred in speculating that these treatments could be fit within a restaurant manager's schedule. Id. at 2-3. Defendant responds that Plaintiff has not put forth any evidence regarding how long treatment sessions would last or whether he would miss work on treatment days. Resp. at 3. Defendant further argues that "neither the Act nor the regulations contemplate that a claimant will be found disabled because of a lack of available treatment options; rather, the Act only considers whether a claimant's impairments are severe enough to prevent work." Id. at 3-4.

7

To the extent Defendant argues that an ALJ need not consider a claimant's treatment in making a disability determination, this argument lacks merit. The Social Security regulations provide that "The RFC assessment must be based on <u>all</u> of the relevant evidence in the case record, such as: . . . The effects of treatment, including limitations or restrictions imposed by the mechanics of treatment (e.g., frequency of treatment, duration, disruption to routine, side effects of medication)." Soc. Sec. Reg. 96-8p (emphasis in original). <u>See also</u> <u>Newton v. Apfel</u>, 209 F.3d 448, 459 (5th Cir. 2000) ("This court has held that if an individual's medical treatment significantly interrupts the ability to perform a normal, eight-hour work day, then the ALJ must determine whether the effect of treatment precludes the claimant from engaging in gainful activity.").

The R&R concludes that Plaintiff did not provide any evidence as to the frequency or duration of treatments needed; that Plaintiff was not regularly participating in phototherapy sessions; and that "work in restaurants is generally performed at a variety of hours outside the ordinary business day hours when therapy would be provided." R&R at 12 (Dkt. 19). The Court rejects these conclusions, and determines that the ALJ's finding that Plaintiff could maintain an 8-hour workday is not supported by substantial evidence, in light of Plaintiff's required phototherapy treatments.

First, there is substantial record evidence of the frequency and duration of the treatment sessions. The sessions occur two to three times a week. Tr. at 153, 186, 190, 192, 201, 204. The record also indicates that Plaintiff initially stopped the phototherapy sessions due to concerns with transportation, but that he later re-initiated them. Tr. at 192, 201, 204. The most recent medical reports indicate that Plaintiff goes to phototherapy sessions on Mondays, Wednesdays, and Fridays, with "segments starting at 15 seconds going up to 2 minutes." Tr. at

8

218. Furthermore, there is at least some evidence that these phototherapy sessions are inconsistent with the ability to maintain a regular work schedule. Plaintiff reported that he was fired from his last job because of the necessity to miss "a significant amount of work" to attend phototherapy sessions. Tr. at 191.

Furthermore, there is no evidence in the record that the phototherapy sessions would be consistent with the work schedule of a restaurant manager; the Court rejects the R&R's apparently unfounded speculation that a restaurant manager generally works odd hours and would therefore be able to fit the treatment sessions into his schedule. The Court concludes that there is some evidence indicating that the phototherapy sessions would be disruptive of a standard work schedule and no evidence indicating that the sessions would be compatible with a standard work schedule. Therefore, the Court concludes that the ALJ's apparent conclusion that these treatment sessions did not affect Plaintiff's RFC or his ability to return to work as a restaurant manager is not supported by substantial evidence. Alternatively, if the ALJ failed to take into account the effect of the treatment sessions in determining Plaintiff's RFC, the ALJ failed to apply the proper legal standard.

### C. Objection Three: Lack of Evidence to Support the Conclusion that a Person with Plaintiff's RFC Could Work as a Restaurant Manager

Plaintiff argues that there was no vocational evidence to support the ALJ's conclusion that a person with Plaintiff's RFC could perform work as a restaurant manager. Obj. at 4. Plaintiff contends that work as a restaurant manager entails exposure to smoke and fumes from cleaning products and food preparation. Id. Defendant does not respond to this argument.

The Court disagrees with Plaintiff, and concludes that substantial record evidence supports the ALJ's conclusion that a person with Plaintiff's RFC would not be precluded from working as a restaurant manager. "The initial burden of proof . . . rests with the claimant to

show that he cannot perform his past relevant work." Atterberry v. Sec. of Health & Human Servs., 871 F.2d 567, 569 (6th Cir. 1989).  The Court concludes that Plaintiff has not met this burden.

In determining whether a claimant can perform his past work, the inquiry is not whether the claimant can return to his identical previous job, but rather whether the claimant is capable of performing his former type of work.  Studaway v. Sec. of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987).  The Dictionary of Occupational Titles (DOT) describes work as a Food Service Manager as follows:

> Coordinates food service activities of hotel, restaurant, or other similar establishment or at social functions: Estimates food and beverage costs and requisitions or purchases supplies. Confers with food preparation and other personnel to plan menus and related activities, such as dining room, bar, and banquet operations. Directs hiring and assignment of personnel. Investigates and resolves food quality and service complaints. May review financial transactions and monitor budget to ensure efficient operation, and to ensure expenditures stay within budget limitations. May be designated according to type of establishment or specialty as Caterer (personal ser.); Manager, Banquet (hotel & rest.); Manager, Cafeteria Or Lunchroom (hotel & rest.); Manager, Catering (hotel & rest.); Manager, Food And Beverage (hotel & rest.); Manager, Restaurant Or Coffee Shop (hotel & rest.).

DOT 187.167-106.[3]  The DOT lists Food Service Manager as light work. Id.  Furthermore, this description includes no activities that may expose a restaurant manager to smoke, fumes, odors, dust or humidity.  This DOT job description is presumptively applicable to Plaintiff's past work, although Plaintiff "may overcome the presumption that the Secretary's generalization applies to his previous work by demonstrating that his duties were not those envisioned by the framers of the Secretary's category."  Carter v. Sec. of Health and Human Servs., 834 F.2d 97, 98-99 (6th Cir. 1987).

---

[3] The ALJ did not solicit testimony from the vocational expert regarding the nature of restaurant management work.  The ALJ is not required to hear testimony from a vocational expert before reaching a conclusion.  Wright-Hines v. Comm'r of Soc. Sec., 597 F.3d 392, 395 (6th Cir. 2010).

Plaintiff has not set forth evidence to overcome this presumption. Plaintiff's self-reporting of his past work depicts a somewhat inconsistent portrayal of the standard functions of a restaurant manager. Plaintiff's past work includes managing multiple different restaurants, and in some of these positions Plaintiff describes himself as lifting 20-25 pounds frequently. Tr. at 114, 129. In his description of another position, however, Plaintiff states that he only lifted less than ten pounds at any given time (although he also, somewhat unrealistically, states that he spent eight hours a day walking, eight hours a day standing, and eight hours a day sitting). Tr. at 130. Plaintiff's description of his past work is "Managed staff of 25 full and part time employee, kept books, negotiated with suppliers and trained kitchen and wait staff, head cook of restaurant." Tr. at 114. There is no information regarding what chemicals, smoke, or fumes he may have been exposed to. Because Plaintiff has only, at most, established an ambiguity as to the nature of his past work and whether he can return to work as a restaurant manager, Plaintiff has not met his burden of demonstrating an inability to perform his past relevant work. See Wilson v. Comm'r of Soc. Sec., 280 F. App'x 456, 460 (6th Cir. 2008) ("[Claimant] left it ambiguous whether she worked that job for three months or not. As the claimant bears the burden of proving that she is precluded from performing her past relevant work, that ambiguity is insufficient.") (footnote, citation, and quotation marks omitted).

## V. CONCLUSION

For the reasons stated above, the Court accepts in part and rejects in part the Magistrate Judge's R&R (Dkt. 19), sustains in part and overrules in part Plaintiff's objections (Dkt. 20), grants in part and denies Plaintiff's motion for summary judgment (Dkt. 14), denies Defendant's motion for summary judgment (Dkt. 16), and remands for further proceedings consistent with this opinion, pursuant to 42 U.S.C. § 405(g), sentence four.

SO ORDERED.

Dated: March 28, 2013  s/Mark A. Goldsmith
Flint, Michigan  MARK A. GOLDSMITH
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 28, 2013.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager